IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE JOHN ROMERO,

    Petitioner,

v.                                                               No. 22-cv-0704 KWR-KK
                                                                No. 18-cr-3667 KWR-KK

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER TO SHOW CAUSE**

This matter comes before the Court on Petitioner Jose John Romero's 28 U.S.C. § 2255 habeas motion (CR Doc. 77; CV Doc. 1) (Habeas Motion). Romero asks the Court to reduce his sentence and vacate his federal firearm conviction. Having reviewed the record and applicable law, the Court will direct Romero to show cause why the Habeas Motion should not be dismissed as untimely.

**I.  Procedural Background**

In 2021, Romero pled guilty to possession with intent to distribute methamphetamine (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)) and using/possessing a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)).  *See* CR Doc. 62.  The Court (Hon. Kea Riggs) sentenced Romero to 180 months imprisonment.  *See* CR Doc. 74.  Judgment on the conviction and sentence was entered on April 15, 2021.  *Id.*  Romero did not appeal, in accordance with the waiver in the plea agreement.  *See* CR Doc. 62 at 8.  On September 23, 2022, Romero filed the instant Habeas Motion.  *See* CR Doc. 77.  He alleges counsel was ineffective for failing to request evidence/a hearing and failing to challenge the section 924(c) charge.  The Habeas Motion is ready for initial review under Habeas Corpus Rule 4.

## II. Timeliness of the Habeas Motion

Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final. See 28 U.S.C. § 2255(f). A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended where:

(1) The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." 28 U.S.C. § 2255(f)(2);

(2) The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3); or

(3) The inmate could not have discovered "the facts supporting the claim … through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

Equitable tolling of the limitation period may also be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, the Judgment was entered on April 15, 2021. It became final no later than April 30, 2021, the first day after expiration of the 14-day appeal period. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final after the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within fourteen days after the entry of judgment). Absent tolling, the limitation period expired no later than April 30, 2022, and Romero's Habeas Motion filed on September 23, 2022, is time-barred.

Romero may file a response, no later than **March 9, 2023**, showing cause why his Habeas Motion should not be summarily dismissed. Failure to timely comply or overcome the time-bar will result in dismissal of the habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) (noting the "time bar … may be raised by a court *sua sponte*…. [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside").

**IT IS ORDERED** that, no later than **March 9, 2023**, Romero must file a response showing cause, if any, why his Habeas Motion should not be dismissed as untimely.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE