IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE JOHN ROMERO,

    Petitioner,

v.                                                            No. 1:22-cv-00704-KWR-KK
                                                                               No. 1:18-cr-03667-KWR-KK-1

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Petitioner Jose John Romero's 28 U.S.C. § 2255 habeas motion (CR Doc. 77; CV Doc. 1) (Motion). Romero challenges his federal firearm sentence based on, inter alia, ineffective assistance by counsel. The Court previously directed him to show cause why his § 2255 claims should not be dismissed as time-barred. Having considered Romero's response and applicable law, the Court will dismiss the Motion with prejudice.

**BACKGROUND**

In 2021, Romero pled guilty to possession with intent to distribute methamphetamine (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)) and using/possessing a firearm in furtherance of a drug trafficking crime (18 U.S.C. 924(c)). *See* CR Doc. 62. The Court sentenced him to 180 months imprisonment. *See* CR Doc. 74. Judgment on the conviction and sentence was entered on April 15, 2021. *Id.* Romero did not appeal, in accordance with the waiver in the plea agreement. *See* CR Doc. 62 at 8. On September 23, 2022, Romero filed the instant Habeas Motion. *See* CR Doc. 77. He alleges counsel was ineffective for failing to request evidence or a hearing and for failing to challenge the § 924(c) charge.

By a Memorandum Opinion and Order entered February 7, 2023, the Court screened the Motion under Habeas Corpus Rule 4 and determined it was plainly time-barred, absent tolling. *See* CV Doc. 2 (Screening Ruling). Romero was permitted to file a response showing cause, if any, why the Motion should not be summarily dismissed. Romero filed a timely response (CV Doc. 3), and the matter is ready for review.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2255 claims. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the motion is not dismissed, the judge must order the United States Attorney to file an answer...." *Id.* As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2255(f). The one-year limitation period can be extended where:

(1) The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2) The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3) The inmate could not have discovered "the facts supporting the claim … through the exercise of due diligence." § 2255(f)(4).

Because the limitation period is not jurisdictional, equitable tolling may also be available. *See*

*Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, the Judgment was entered on April 15, 2021. It became final no later than April 30, 2021, the first day after expiration of the 14-day appeal period. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final after the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within fourteen days after the entry of judgment). Absent tolling, the limitation period expired no later than April 30, 2022, and Romero's Motion filed on September 23, 2022 is time-barred.

The Court explained these principles in its Screening Ruling, which set out the legal standards for statutory and equitable tolling. Romero primarily seeks equitable tolling based on COVID-19 protocols and lack of library access. Equitable tolling is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015). The doctrine only applies if some extraordinary circumstance outside of the petitioner's control prevented him from timely filing. *See Lawrence v. Florida*, 549 U.S. 327 (2007); *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). He must also describe "the steps he took to diligently pursue his federal claims while those circumstances existed." *Pena-Gonzales v. State*, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022) (noting that *Yang* requires both "extraordinary circumstances *and* due diligence") (emphasis in original). Said differently, the inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).

Generally, a lockdown that impedes access to relevant law is insufficient to warrant equitable tolling. *See Winston v. Allbaugh*, 743 F. App'x 257, 258-59 (10th Cir. 2018) (citing *Bickham v. Allbaugh*, 728 Fed. App'x 869, 871 (10th Cir. 2018)); *Jones v. Taylor*, 484 Fed. App'x 241, 242-43 (10th Cir. 2012); *Sandoval v. Jones*, 447 Fed. App'x 1, 4 (10th Cir. 2011); *Phares v. Jones*, 470 Fed. App'x. 718, 719 (10th Cir. 2012) ("The mere fact of a prison lockdown ... does not qualify as extraordinary absent some additional showing that the circumstances prevented him from timely filing his habeas petition."). The same is true when an inmate lacks library access for other reasons. *See Weibley v. Kaiser*, 50 Fed. App'x. 399, 403 (10th Cir. 2002) ("[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling."); *United States v. Orecchio*, 2022 WL 2062440, at *3 (10th Cir. 2022) (noting "[t]he lack of a … library alone does not rise to the level of an … extraordinary circumstance" and that "the inmate ... must go one step further and demonstrate that the alleged shortcomings in the library ... hindered his efforts to pursue a legal claim.") (quotations omitted). Equitable tolling may be available based on a total lack of legal access, such as "a complete confiscation of [petitioner's] legal materials just weeks before his filing deadline." *U.S. v. Gabaldon*, 522 F.3d 1121, 1126 (10th Cir. 2008). However, the inmate must still establish due diligence. *Id.*

Consistent with these principles, the Tenth Circuit has repeatedly declined to apply equitable tolling where the habeas petitioner had "limited access to the prison law library due to COVID-19 quarantine lockdowns." *Strickland v. Crow*, 2022 WL 245521, at *4 (10th Cir. 2022). *See also Donald v. Pruitt*, 853 Fed. App'x 230, 234 (10th Cir. 2021) (same); *Pena-Gonzales,* 2022 WL 214747, at *1 (10th Cir. 2022) (finding no equitable tolling where petitioner alleged "lockdowns caused by COVID-19, riots, and prison killings prevented him from accessing the

4

prison law library"). "*Pena-Gonzales, Donald,* and *Strickland* reflect a theme throughout most cases addressing equitable tolling in the wake of the COVID-19 pandemic." *United States v. Tinsman*, 2022 WL 3208346, at *3 (10th Cir. 2022). "The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis. The movant must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion." *Id.* "Broad, general assertions about pandemic restrictions at [a] … facility" will not suffice. *Hinojos v. Colorado*, 2022 WL 11493879, at *2 (10th Cir. 2022). The petitioner's "documents … [must] paint a coherent picture of his prison's timeline of lockdowns." *Tinsman*, 2022 WL 3208346, at *3.

In the timeliness section of Romero's opening Petition, he alleges the filing delay was "[d]ue to COVID-19," a "lack of resources[,]" and "not having access to information from so many lockdowns and quarantines." Doc. 1 at 11. His show-cause response is similarly vague. Romero alleges that during "the COVID-19 virus pandemic, the prison was on lockdown for months, not allowing access to computers, the law library, or anywhere people could congregate." Doc. 3 at 1. Romero contends he was "told that due to lack of access, consideration would be given if a … 2255 filing is beyond the deadline." *Id.*

These facts fail to show that extraordinary circumstances prevented Romero from filing a § 2255 motion during the one-year window, *i.e.,* April 30, 2021 through April 30, 2022. Romero does "not provide the [C]ourt with any basis to determine the number of days of equitable tolling to which [he] might be entitled due to [COVID-19] restrictions," nor does he "explain what legal research he needed to conduct before filing his [habeas] petition." *McCord v. Bridges*, 2023 WL 3220857, at *3 (10th Cir. 2023) (addressing tolling of the habeas limitation period). *See also*

*United States v. Crist*, 2022 WL 17660540, at *2 (10th Cir. Dec. 14, 2022) (finding no equitable tolling where the petitioner "failed to provide any details of the [COVID-19] lockdowns or their effects"); *Hinojos*, 2022 WL 11493879, at *2 (noting petitioner failed to describe "the terms of the prison's [COVID-19] lockdown policies or by supplying any other facts explaining just how the prison restricted his ability to communicate" during the one-year period). To the extent prison officials made some assurance, at some unspecified time, regarding an extension of the one-year limitation period, this is also insufficient to show extraordinary circumstances. Even a miscalculation by a habeas petitioner's own counsel fails to meet the standard. *See Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007) (noting that "attorney error [or] miscalculation … have not been found to rise to [an] extraordinary circumstance[]").

Moreover, even if Romero established extraordinary circumstances, the facts fail to show he made any diligent efforts to pursue claims during the one-year period. For example, he "does not mention particular steps he took to finalize and file the petition while the limitations period ran, such as drafting the petition." *Pena-Gonzales,* 2022 WL 214747, at *1. There is also no indication that the prison was locked down based on COVID-19 during the entire one-year period between April 2021 and April 2022. *See Tinsman*, 2022 WL 3208346, at *3 (finding no tolling where petitioner failed to show "he was pursuing his rights diligently *throughout* the one-year window, including before the COVID-19 restrictions went into place.") (emphasis in original); *Donald*, 853 Fed. App'x at 234 (same). And, to the extent Romero failed to act because he did not understand the habeas limitation period, such circumstances cannot overcome the time-bar. *See Marsh v. Soares*, 223 F.3d 1217, 1229 (10th Cir. 2000) ("It is well established that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.");

6

*Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling"). Accordingly, the show-cause response fails to satisfy either prong of the equitable tolling test.

Romero may also intend to seek statutory tolling under 28 U.S.C. § 2255(f)(2), which governs an unconstitutional state impediment to filing. The show-cause response contains a one-line allegation that the COVID-19 lockdowns constitute "government action," which prevented Romero from timely filing a motion. *See* Doc. 3 at 1. As noted above, Romero has not demonstrated how any lockdown prevented him from filing a § 2255 motion during the entire one-year period. *See United States v. Thody*, 460 Fed. App'x 776, 781 (10th Cir. 2012) (Section 2255(f)(2) requires that the government impediment "actually prevented" defendant from filing a motion); *Weibley v. Kaiser*, 50 Fed. App'x 399, 403 (10th Cir. 2002) (tolling is not available absent specific facts that demonstrate how government officials impeded ability to file habeas petition). Romero is therefore not entitled to tolling under § 2255(f)(2).

The Court finally notes that in the Petition, Romero alleges he never possessed a gun during the sale of drugs. *See* Doc. 1 at 14. To the extent he intends to raise an actual innocence claim as to the 18 U.S.C. § 924(c) conviction, such argument fails. Actual innocence is a "gateway [that] … enables habeas petitioners to overcome" the habeas time-bar. *Farrar v. Raemisch*, 924 F.3d 1126, 1130 (10th Cir. 2019) (quotations omitted). To "claim actual innocence a petitioner must present new, reliable evidence that was not presented at trial." *Rose v. Newton-Embry*, 194 Fed. App'x 500, 502 (10th Cir. 2006). Romero does not present new evidence. He simply maintains his innocence in the context of asserting an ineffective assistance of counsel claim, which does not satisfy the standard. *See Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014).

For these reasons, Romero's show-cause response fails to overcome the habeas time-bar. The one-year limitation period expired no later than April 30, 2022, and Romero's Motion filed on September 23, 2022 is time-barred. The Court will dismiss the Motion (CR Doc. 77; CV Doc. 1) with prejudice. The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA issues where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Jose John Romero's 28 U.S.C. § 2255 habeas motion (**CR Doc. 77; CV Doc. 1**) is **DISMISSED WITH PREJUDICE**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**